IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MEISHA BOYKIN                                                                                         PLAINTIFF

v.                                              CIVIL NO. 21-cv-5007

KILOLO KIJAKAZI,[1] Acting Commissioner                                                 DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Meisha Boykin, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

Plaintiff protectively filed her application for DIB on April 11, 2018. (Tr. 79). In her application, Plaintiff alleged disability beginning on December 15, 2017, due to congestive heart failure, high blood pressure, diabetes type II, anemia, and acute edema. (Tr. 79, 551). An administrative hearing was held on December 13, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 79, 390–428). A vocational expert (VE) also testified at the hearing.

On February 14, 2020, the ALJ issued an unfavorable decision. (Tr. 82–104). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

impairments that were severe: congestive heart failure, hypertension, coronary artery disease with stenting, type II diabetes mellitus, obstructive sleep apnea, morbid obesity, stage III chronic kidney disease, degenerative joint disease of the bilateral feet, arthralgia of multiple sites, and diabetic retinopathy. (Tr. 81). Plaintiff's anemia, ovarian cysts, and depression were found to be nonsevere. (Tr. 82). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 83–84). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she cannot work near hazards, including operating motor vehicles, climbing ladders, ropes and scaffolds, and working near moving mechanical parts, unprotected heights, deep water and open flames. (Tr. 84–90).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as a customer complaint clerk and as a claims clerk. (Tr. 90–91). The ALJ found that, alternatively, Plaintiff could perform the requirements of the representative occupations of document preparer, order clerk, and addresser. (Tr. 92). The ALJ found Plaintiff was not disabled from December 15, 2017, through December 31, 2019, the date last insured. (Tr. 92). Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff presents the following points on appeal: 1) Whether the ALJ erred in finding Plaintiff could perform sedentary work with some limitations, failing to properly assess the combined effects of her impairments; 2) Whether the ALJ erred by failing to fully account for the vision issues Plaintiff suffered as a result of her diabetic retinopathy; and 3) Whether the ALJ erred in her assessment of the medical opinion evidence offered by Plaintiff's treating physician, Dr. Matthew Totten. (ECF No. 15). Defendant argues the ALJ considered Plaintiff's impairments in combination, and specifically evaluated Plaintiff's visual impairments, including the diabetic retinopathy and vitreous hemorrhage that worsened her vision in October of 2019, but which responded to treatment with Lucentis and was improved at visits in November of 2019. (ECF No. 18). Defendant argues the ALJ properly considered Plaintiff's other physical impairments, including treatment records, her own reports of her daily activities, and the opinions of the nonexamining physicians. Finally, the Defendant argues the ALJ properly evaluated the opinion of Dr. Totten and made specific findings regarding why this opinion was not consistent with the record as a whole. *Id*.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. The ALJ considered and analyzed all of Plaintiff's impairments, and provided adequate reasoning for discounting the opinion offered by Dr. Trotter. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 1st day of March 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE